# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **L.T. and E.T.**

**No. 19-0445** (Marion County 17-JA-124 and 17-JA-125)

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.L., by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's April 2, 2019, order terminating her parental rights to L.T. and E.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Frances Whiteman, filed a response on behalf of the children, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Additionally, petitioner's counsel filed the appellate brief in accordance with Rule 10(c)(10)(b) (2016) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Pursuant to this rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner was directed to file a supplemental brief on or before June 28, 2019. Petitioner, however, did not file a supplemental brief.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a child abuse and neglect petition against petitioner alleging that she abused and neglected L.T. and E.T. Specifically, referrals indicated that drugs were being sold in petitioner's home, drug addicts frequented the home, and one child indicated she was afraid of people in the home. Further, the DHHR alleged that methamphetamine residue and paraphernalia were found in the home, and petitioner admitted to abusing methamphetamine the previous night with her boyfriend while the children were asleep. Petitioner also admitted to a history of substance abuse, but claimed she had not "done Subutex in a couple of weeks." She further claimed that she did not sell drugs. However, a police officer discovered pills, two spoons with cotton on them, and scales in the home. The DHHR concluded that petitioner was unwilling or unable to perform her parental duties and responsibilities, was actively abusing drugs, and her choices and drug abuse affected the safety of the children. On September 27, 2017, petitioner waived her preliminary hearing.

In October of 2017, the circuit court held an adjudicatory hearing wherein petitioner stipulated to using illegal drugs while caring for her children, which jeopardized their safety. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period. As part of the terms and conditions, petitioner was required to submit to random drug screens, seek substance abuse treatment, participate in parenting and adult life skills classes, and participate in supervised visitation with the children. At the close of her post-adjudicatory improvement period, petitioner was granted an extension. Thereafter, a multidisciplinary team ("MDT") meeting was held in November and the team decided to suspend petitioner's supervised visits due to her noncompliance with drug screening. Additional MDT meetings held in January and February of 2018, revealed that petitioner had consistently cancelled appointments with her service providers, was sporadic in her attendance with adult life skills sessions, and had failed to regularly drug screen. At the May MDT meeting, petitioner claimed that she was living with her parents and seeking drug detoxification. However, petitioner failed to attend the June MDT meeting and continued to test positive for drugs on the few occasions that she screened.

In July of 2018, the circuit court held a dispositional hearing. Petitioner requested and was granted a post-dispositional improvement period after she proffered her recent completion of substance abuse detoxification on July 22, 2018. Immediately thereafter, the DHHR learned that petitioner tested positive for methamphetamine at the time of her alleged detoxification. Also soon after, the DHHR lost regular contact with petitioner, and she failed to regularly call the children. The few times that petitioner submitted to drug testing revealed that she was positive for methamphetamine. Petitioner failed to remain compliant with her MDT meeting attendance and recommendations. In response, the DHHR suspended petitioner's visitations with the children and filed a motion to revoke her post-dispositional improvement period.

In December of 2018, the circuit court held a hearing upon the DHHR's motion to revoke, wherein the DHHR and the guardian argued that petitioner had not successfully completed her post-dispositional improvement period because she failed to regularly drug screen, regularly attend MDT meetings, keep in contact with the DHHR, and follow through with the MDT's recommendation of in-patient rehabilitation. The circuit court revoked petitioner's improvement period and set the matter for disposition. Thereafter, petitioner's noncompliance continued with no improvement.

In March of 2019, the circuit court held the final dispositional hearing. Specifically, the circuit court found that "[d]espite [petitioner's] initial participation in Adult Life Skills, she was repeatedly informed by the MDT that she needed to attend in-patient treatment for her drug addiction, in order to have visits with her children and achieve reunification." Further, it found that petitioner "continuously missed drug screens, and for the screens she did attend the drug screens were positive for illegal drugs." Lastly, it found that petitioner "never participated in any meaningful drug treatment" as recommended by her service providers, failed to attend any drug screenings after October of 2018, and had no reasonable explanation for not taking any action to remedy her drug addiction. Ultimately, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the best interest of the children to terminate petitioner's parental rights. Accordingly, her parental rights were terminated by order entered April 2, 2019. It is from this dispositional order terminating petitioner's parental rights that she appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's overarching argument is that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative pursuant to West

---

[2]The father's parental rights were also terminated during the proceedings below. The permanency plan for the children is adoption by their paternal aunt.

Virginia Code § 49-4-604(b)(5) (2019).[3] In support, she first argues that she was unable to address her substance abuse issues within the prescribed timeframes. Specifically, she argues, "knowing that it takes multiple attempts to [become and remain] drug-free, it was impossible for [her] to accomplish this goal in a timely fashion." Petitioner requests the Court review the timelines and expectations of child abuse and neglect proceedings in light of the overwhelming number of parental terminations based upon drug addiction.

We begin by reiterating our holding that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011).

Moreover, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is "[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected" includes one in which the parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

According to the record, not only was petitioner granted a post-adjudicatory improvement period, she was also granted an extension of that improvement period despite her positive drug screens and sporadic attendance at MDT meetings and adult life skills classes. Additionally, petitioner was granted a post-dispositional improvement period despite her positive drug screens taken during the time of her alleged detoxification. The record further establishes that petitioner initially complied with services but eventually ceased regular drug screening and regular contact

---

[3]Pursuant to West Virginia Code § 49-4-604(b)(5),

[u]pon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, [a circuit court may] commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

with the DHHR. Her compliance with services was sporadic, at best, and she failed to successfully complete any aspect of her improvement periods. She failed to respond to or follow through with rehabilitative efforts designed to reduce or prevent the abuse and neglect of her children. Petitioner failed to comply with supervised visitation and calls with the children and failed to comply with any of the MDT's recommendations, including failing to comply with any sort of meaningful substance abuse treatment such as in-patient rehabilitation. Additionally, petitioner tested positive for methamphetamines throughout the proceedings and failed to adequately acknowledge her issues with substance abuse. Given the evidence of petitioner's lack of meaningful participation in the underlying proceedings, we agree with the circuit court's findings that there was no reasonable likelihood that she could correct the conditions of abuse or neglect in the near future and that termination of her parental rights was necessary for the children's welfare.

We further note that a "parent's rights are necessarily limited . . . [as to improvement periods] because the pre-eminent concern in abuse and neglect proceedings is the best interest of the child subject thereto." *In re J. G.*, 240 W. Va. 194, 204, 809 S.E.2d 453, 463 (2018) (quoting *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000)). And,

> the statutory limits on improvement periods (as well as our case law limiting the right to improvement periods) dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996). Further, this Court has noted that "[i]mprovement periods are . . . regulated, both in their allowance and in their duration, by the West Virginia Legislature, which has assumed the responsibility of implementing guidelines for child abuse and neglect proceedings generally." *In re Emily*, 208 W. Va. at 334, 540 S.E.2d at 551. While petitioner argues that parents addicted to drugs need more time than the length of time prescribed by statute as designated by the West Virginia Legislature, our case law makes it abundantly clear that a parent's opportunity to continue to participate in an improvement period is not upheld to the detriment of the children. Accordingly, we decline to find, as petitioner urges, that these statutory timelines are inherently insufficient.

Next, petitioner claims that her children's ages of eleven and seventeen warranted imposition of a less-restrictive dispositional alternative. We disagree, especially considering that petitioner cites no authority or other evidence that, due to the children's ages, termination of her parental rights would not have been in their best interests. Accordingly, we find that petitioner is entitled to no relief in this regard.

Lastly, petitioner argues that the circuit court should have considered the children's wishes when determining disposition, and, therefore, should have granted her a less-restrictive dispositional alternative. We find petitioner's argument wholly without merit as she concedes on appeal that both of the children indicated to the guardian that they desired the termination of her parental rights. Petitioner contends that her children's wishes were based upon their anger at her failure to address her drug addiction and "not based upon their true wishes." However, regardless of the children's motivations, any consideration of their wishes by the circuit court was appropriate

5

pursuant to West Virginia Code § 49-4-604(b)(6)(C) which provides, in relevant part, that "the court shall give consideration to the wishes of a child 14 years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." Accordingly, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 2, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison